State Court of Fulton County
**E-FILED**
25EV010992
10/23/2025 5:11 PM
Donald Talley, Clerk
Civil Division

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

WANDA GATES,
Plaintiff,

v.

DAISANA JONES and
LYFT, INC,
Defendants.

CIVIL ACTION
FILE NO.: ______________________

**COMPLAINT**

COMES NOW Plaintiff Wanda Gates, by and through undersigned counsel, and hereby files her Complaint for Damages, respectfully showing this Honorable Court as follows:

**PARTIES**

1.

Plaintiff Wanda Gates (hereinafter "Plaintiff") resides at 4136 High Park Terrace, East Point, Fulton County, Georgia 30344, and is subject to the jurisdiction and venue of this Honorable Court by virtue of filing her Complaint.

2.

Defendant Daisana Jones (hereinafter "Defendant Jones") is a resident of the State of South Carolina and may be served with the Summons and Complaint by serving her at her residence, which is located at 12 Tyne Ct, Greenville, South Carolina 29607, pursuant to Georgia Long Arm Statute Non-Motorist Act, O.C.G.A. § 40-12-1 et seq.

3.

Defendant Lyft, Inc (hereinafter "Defendant Lyft") is a common carrier, as defined by the Georgia Motor Carrier Act, with its principal place of business in San Francisco, California, and may be served through its registered agent C T Corporation System at 289 S. Culver St., Lawrenceville, Gwinnett County, Georgia 30046, and is subject to the jurisdiction of this court.

**JURISDICTION AND VENUE**

4.

Jurisdiction is proper in this case.

5.

Venue is proper in this case.

**FACTUAL BACKGROUND**

6.

Plaintiff hereby realleges and reasserts Paragraphs 1 through 5 as if fully set forth herein.

7.

On or about August 5, 2024, Plaintiff was traveling westbound on Washington Road south of the I-285 northbound ramp in Fulton County, Georgia.

8.

At the same time and place, Defendant Jones was traveling in the opposite direction, and in an attempt to enter the interstate, turned in front of the vehicle Plaintiff was traveling in, thereby causing the wreck that injured the Plaintiff.

9.

Defendant was issued citations for violation of O.C.G.A. §§ 40-6-71, 40-6-10, 40-6-15, and 40-5-121.

**COUNT I – NEGLIGENCE**

10.

Plaintiff hereby realleges and reasserts Paragraphs 1 through 9 as if fully set forth herein.

11.

Defendant Jones's negligence in colliding with Plaintiff's vehicle caused Plaintiff to suffer serious and painful bodily injuries and property damage.

12.

Defendant Jones was negligent *per se* in her operation of her automobile by failing to yield when turning left, having no proof of insurance, knowingly driving with a suspended, canceled, or revoked registration, and driving with a suspended license, which caused the wreck that injured the Plaintiff.

13.

Defendant was negligent and careless as she operated her automobile, thereby causing the wreck, which injured the Plaintiff.

14.

Defendant Jones's negligence was a direct and proximate cause of the collision, which caused personal injuries to the Plaintiff.

**COUNT II – VICARIOUS LIABILITY**

15.

Plaintiff hereby realleges and reasserts paragraphs 1 through 14 as if fully set forth herein.

16.

At the time of the accident, Defendant Jones was acting within the scope of her employment with Defendant Lyft.

17.

Defendant Lyft is responsible for Defendant Jones's actions under the doctrine of *respondeat superior*, agency, or apparent agency.

**COUNT III-NEGLIGENT HIRING, RETENTION, AND SUPERVISION**

18.

Plaintiff hereby realleges and reasserts paragraphs 1 through 17 as if fully set forth herein.

19.

At the time of the subject collision, Defendant Lyft exercised significant control over Defendant Jones and had policies and procedures regarding the timing, method, and manner in which Defendant Jones was to perform work in furtherance of Defendant Lyft's business.

20.

At all times material, Defendant Lyft owed the Plaintiff a duty of reasonable and/or great care in hiring, retaining, and supervising its employees, including Defendant Jones.

21.

At the time of the subject collision, through the operation of a motor vehicle, Defendant Jones was engaged in work which involved a peculiar risk of bodily harm to others and violated several duties imposed by Georgia Law in one or more of the following ways:

a. By negligently hiring Defendant Jones without performing appropriate and/or necessary driving record background checks, pre-employment screenings, psychological tests, criminal record checks, interviews, and/or evaluations;

b. By negligently failing to check with references, prior employers, colleagues, and others about its employee, Defendant Jones, prior to hiring her to work for its ride share business;

c. By failing to develop any policies and procedures and standards for hiring and delivering

driver's education training to Defendant Jones;

d. Other acts and omissions yet to be discovered.

22.

At all times material, Defendant Lyft knew or should have known that a potential motor vehicle incident was conceivable.

23.

As a direct and proximate result of Defendant Lyft's careless acts, Defendant Jones, by failing to yield, having no proof of insurance, and driving with a suspended license, caused the wreck, which injured the Plaintiff who sustained severe, permanent, and grievous physical injuries.

**COUNT IV – DAMAGES**

24.

Plaintiff hereby realleges and reasserts Paragraphs 1 through 23 as if fully set forth herein.

25.

As a direct and proximate result of Defendant Jones's negligence, Plaintiff has incurred medical expenses and special damages in excess of $159,182.45, the exact amount to be proven at trial.

26.

As a direct and proximate result of Defendant Jones's negligence, Plaintiff has suffered personal injuries and pain and suffering.

27.

As a direct and proximate result of Defendant Jones's negligence, Plaintiff has to undergo medical treatment for the pain, injury, and suffering caused by this incident.

28.

Defendant Jones's negligence is the sole and proximate cause of Plaintiff's injuries and damages.

**COUNT V – ATTORNEY FEES**

29.

Plaintiff hereby realleges and reasserts Paragraphs 1 through 28 as if fully set forth herein.

30.

To the extent Defendants do not admit sole responsibility for causing the accident that relates to duty and breach of duty, Plaintiff seeks all damages pursuant to O.C.G.A. § 13-6-11, including but not limited to attorney's fees and costs, as it relates to Defendants being stubbornly litigious and causing Plaintiff unnecessary trouble and expense.

**COUNT VI- PUNITIVE DAMAGES**

31.

Plaintiff hereby realleges and reasserts Paragraphs 1 through 30 as if fully set forth herein.

32.

Defendants' actions constitute willful misconduct, fraud, oppression, wantonness, and an entire want of care, raising the presumption of conscience indifference to the consequences. Accordingly, Plaintiff is entitled to recover punitive damages from Defendants, as determined by the enlightened conscience of the jury.

**WHEREFORE,** THE PLAINTIFF PRAYS FOR RELIEF AS FOLLOWS:

(a) That this Complaint and Summons be properly served on Defendants;

(b) That Plaintiff have and receive judgment against Defendants for all damages sustained by Plaintiff caused by Defendant Jones's negligence, including all special and general

damages suffered by Plaintiff in excess of $159,182.45;

(c) That Plaintiff be awarded punitive damages in amounts determined by the enlightened conscience of the jury;

(d) That Plaintiff have a trial by a jury of twelve (12) persons as to all issues so triable; and

(e) For such other and further relief as this Honorable Court deems just and proper.

Respectfully submitted this 23rd day of October, 2025.

**THE WILSON PC**

Danielle Paul
Georgia Bar No. 947307
*Attorney for Plaintiff*

101 Marietta Street NW, Suite 3100
Atlanta, Georgia 30303
Telephone: (470) 575-6130
Fax: (470) 231-0929
Email: daniellepaul@thewilsonpc.com
litigation@thewilsonpc.com

**McAFEE LAW FIRM, LLC**
*/s/ Edward T. McAfee*
Edward T. McAfee
Georgia Bar No. 480108
*/s/ Jacob R. Belcastro*
Jacob R. Belcastro
Georgia Bar No: 440332
*Attorneys for Plaintiff*

3235 Cains Hill Place
Atlanta, Georgia 30305
Telephone: (404) 662-2227
Fax: (404) 662-2228
Email: admin@mcafeelawfirm.com
edward@mcafeelawfirm.com
jacob@mcafeelawfirm.com

State Court of Fulton County
**E-FILED**
25EV010992
10/23/2025 5:11 PM
Donald Talley, Clerk
Civil Division

# General Civil and Domestic Relations Case Filing Information Form

☐ **Superior or** ☑ **State Court of** Fulton **County**

**For Clerk Use Only**

**Date Filed** ____________________ **Case Number** ____________________
**MM-DD-YYYY**

**Plaintiff(s)**

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Gates | Wanda | | | |
| | | | | |
| | | | | |
| | | | | |

**Defendant(s)**

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Jones | Daisana | | | |
| Lyft, Inc | | | | |
| | | | | |
| | | | | |

**Plaintiff's Attorney** Danielle Paul **Bar Number** 947307 **Self-Represented** ☐

**Check One Case Type in One Box**

**General Civil Cases**

- ☑ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**

- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

____________________ Case Number ____________________ Case Number

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. ____________________ Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.18

EXHIBIT 1

State Court of Fulton County
**E-FILED**
25EV010992
10/23/2025 5:11 PM
Donald Talley, Clerk
Civil Division

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

WANDA GATES,
Plaintiff,
v.
DAISANA JONES and
LYFT, INC,
Defendants.

CIVIL ACTION
FILE NO.: ______________________

**RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY**

Pursuant to Uniform State Court Rule 5.2, the undersigned hereby certifies that on the date shown, Plaintiff Wanda Gates served a copy of the following:

1. Plaintiff's First Interrogatories to Defendants, and
2. Plaintiff's First Request for Production of Documents to Defendants.

Respectfully submitted this 23rd day of October, 2025.

**THE WILSON PC**

Danielle D. Paul

Danielle Paul
Georgia Bar No. 947307
*Attorney for Plaintiff*

101 Marietta Street NW, Suite 3100
Atlanta, Georgia 30303
Telephone: (470) 575-6130
Fax: (470) 231-0929
Email: daniellepaul@thewilsonpc.com
litigation@thewilsonpc.com

**MCAFEE LAW FIRM, LLC**
/s/ Edward T. McAfee
Edward T. McAfee
Georgia Bar No. 480108
/s/ Jacob R. Belcastro
Jacob R. Belcastro
Georgia Bar No. 440332
*Attorneys for Plaintiff*

3235 Cains Hill Place
Atlanta, GA 30305
P: (404) 662-2227
edward@mcafeelawfirm.com
jacob@mcafeelawfirm.com
admin@mcafeelawfirm.com

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served the following with a copy of the foregoing, by electronic filing in Odyssey E-File System and/or by placing same in an envelope, properly addressed, and depositing it in the United States Mail, with adequate postage prepaid on this October 23, 2025.

Daisana Jones
*Pro se Defendant*
12 Tyne Ct
Greenville, SC 29607

Lyft, Inc
*Pro se Defendant*
C/O C T Corporation System
289 S. Culver Street
Lawrenceville, GA 30046

This 23rd day of October, 2025.

/s/ Danielle Paul
/s/ Edward T. McAfee
/s/ Jacob R. Belcastro

State Court of Fulton County
**E-FILED**
25EV010992
10/23/2025 5:11 PM
Donald Talley, Clerk
Civil Division

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
Civil Division

**CIVIL ACTION FILE #:** ______________________

Wanda Gates
4136 High Park Terrace
East Point, GA 30344
Plaintiff's Name, Address, City, State, Zip Code

vs.

Lyft, Inc
c/o C T Corporation System, 289 S. Culver St.
Lawrenceville GA 30046
Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $____________ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $____________ |
| [ ] TORT | |
| [X] PERSONAL INJURY | ATTY. FEES $____________ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $ __________ |
| [ ] SPECIAL LIEN | |

************

[X] NEW FILING
[ ] RE-FILING: PREVIOUS CASE NO. ________________

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT: Daisana Jones

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Danielle Paul
Address: 101 Marietta Street NW, Suite 3100
City, State, Zip Code: Atlanta, GA 30303 Phone No.: (470)575-6130

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

Donald Talley, Chief Clerk (electronic signature)

***SERVICE INFORMATION:***

Served, this _______ day of ___________________, 20______. ______________________________
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for ______________________________________________________________

_____________________________________________________________________________

This _________ day of _______________________, 20_____. ______________________________ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
25EV010992
10/23/2025 5:11 PM
Donald Talley, Clerk
Civil Division

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| WANDA GATES,<br>Plaintiff,<br>v.<br>DAISANA JONES and<br>LYFT, INC,<br>Defendants. | CIVIL ACTION<br>FILE NO.: ______________________ |

**PLAINTIFF WANDA GATES FIRST CONTINUING INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JONES**

Pursuant to O.C.G.A. §§ 9-11-26 and 9-11-33, Plaintiff, by and through the undersigned counsel, hereby submits her "**FIRST CONTINUING INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JONES"** to be responded to separately and under oath within forty-five (45) days after service hereof:

In answering the following Interrogatories, you are requested to give full and complete answers based upon your personal knowledge as well as that of any agents, employees, investigators or attorneys who may have obtained information on your behalf. To the extent any information called for is objected to upon a claim of privilege, you must provide enough information for the Court to adjudicate your claim of privilege.

The following Interrogatories shall be continuing in nature until the day of trial, and Defendant is required to serve supplemental answers as additional information becomes available by written amendment as set forth in O.C.G.A. §9-11-26 (e) and addressed to **The Wilson PC,**

101 Marietta Street NW, Suite 3100, Atlanta, Georgia 30303 Any such supplemental or amended answers are to be served upon counsel for the Plaintiff within thirty (30) days from the receipt of such information but not later than thirty (30) days prior to trial.

Wherever appropriate, the singular form of a noun or pronoun shall include the plural form of the noun or pronoun and vice-versa, and each noun or pronoun is not intended to be gender specific and may refer to both male and female.

**DEFINITIONS**

(a) Document - As used herein "document" shall mean any tangible thing upon which information is or has been stored, recorded or communicated in the custody, control or possession of defendant or of which defendant has knowledge, including without limitation, letters, correspondence, invoices, contracts, agreements, purchase orders, memoranda, tapes, stenographical and handwritten notes, microfilm, bulletins, circulars, pamphlets, studies, reports, notices, diaries, summaries, books, messages, instructions, pictures, film, graph, statistical compilations, magnetic discs, records and tapes and other media, computer cards, tapes, printouts, reports and other machine-readable records and data, sound recordings, and every draft or copy of a document which is not identical to the original or which the draft of copy contains any commentary or notation whatsoever that does not appear on the original.

(b) Person - As used herein, "person" shall mean a natural person or an artificial person, including partnerships, corporations, proprietorships, unincorporated associations, governmental bodies, or any other legally cognizable entities.

(c) Date - As used herein, "date" shall mean the exact day, month, and year, if known to defendant, or, if the exact date is not known, the best available approximation.

(d) Communication - As used herein, "communication" shall include any oral utterance made, heard, or overheard, whether in person or by telephone or otherwise, as well as every document and every other mode of intentionally conveyed meaning.

(e) Identify - As used herein, "identify" when used in reference to:

(1) a person who is an individual, shall mean to state his or her full name, present or last known residence address (designating which), and present or last known position or business affiliation (designating which), job title, employment address, business and residence telephone numbers;

(2) a person who is a firm, partnership, corporation, proprietorship, financial institution, or other organization or entity, shall mean to state its full name and present or last known address and telephone number (designating which), the legal form of such entity or organization, and the identity of its chief executive officer;

(3) on oral communication shall mean to state the date, subject matter, communicator, communicatee, nature of the communication, place or places where the communication occurred, whether it was recorded or otherwise memorialized, and the identity of any witness thereto;

(4) a document shall mean to state the title (if any), the date, author, sender, recipient, the identity or persons signing it, type of document (i.e., a letter, memorandum, book, telegram, invoice, etc.) or some other means of identifying it (e.q., invoice number), the names of the persons known to have seen the document or to have received copies, its present location or custodian, and a description of its contents (in lieu of stating the foregoing information, defendant may attach a legible copy of a document to its responses hereto, specifying the particular interrogatory to which the copy is in response to and identifying the present custodian of the

original). If any document which you would have identified in response to any interrogatory was but is no longer in your possession or subject to your control or is no longer in existence, in addition to all of the above information of which you have knowledge, "identify" shall also mean to state whether any such document is or has been missing, lost, destroyed, transferred to others or otherwise disposed of, and in any such instance to set forth the surrounding circumstances in any authorization for such disposition, to state the approximate date of such disposition, and, if known, the present location and custodian of such documents.

(f) State All Facts - As used herein, "state all facts" means to state all facts discoverable under O.C.G.A. §9-11-26 and §9-11-33 known to defendant or defendant's attorneys, and to identify all persons having knowledge of such facts, and identify all documents concerning or relating to such facts. When used in reference to an allegation of the pleadings, "state all facts" shall include all facts negating, as well as supporting, the allegation.

(g) You - As used herein, "you" shall mean defendant or any person or persons acting or purporting to act in any manner for defendant or on defendant's behalf.

(h) Or - As used herein, "or" shall mean and/or.

(i) This incident or the subject incident - As used herein, "this incident" or "the subject incident" shall be defined as the event described in Plaintiff's Complaint, which occurred on or about August 5, 2024.

**INTERROGATORIES**

1.

State your full legal name, address (home and business), physical street address, date of birth, and place of birth.

2.

Please state whether or not you were employed on the date of the incident, which is the subject matter of this suit, and, if so, state the following:

(a) The name and address of your employer;

(b) In what capacity you were employed; and

(c) The length of time you have been so employed by the employer named.

3.

If you were self-employed on the date of the incident, which is the subject matter of this suit, or are presently self-employed, please give the following:

(a) A brief description of the nature of your business; and

(b) The inclusive dates you were engaged in that particular occupation, business, or profession.

4.

If you have ever been involved in a motor vehicle incident prior to the incident which is the subject matter of this suit, please state the following:

(a) The date of each incident; and

(b) Whether you were charged with any kind of infraction.

5.

If you have ever been convicted of any moving traffic violation within the past ten years, please state all violations.

6.

If you have ever been arrested, state the date, place, and charges made in each such arrest, and, if convicted, the date thereof and the court in which such charges were brought, identify all

persons with knowledge of the same, and identify all documents that refer to, evidence, or reflect the same.

7.

Please state the name and address of the registered owner of the motor vehicle operated by or occupied by you at the time of the incident, which is the subject matter of this suit.

8.

Please state the year, make, and model of the vehicle operated by you at the time of the incident described in the Complaint.

9.

On the particular trip during the course of which the incident complained of herein occurred, what was the point and time of your departure, intended destination, and purpose of the trip?

10.

If the Defendant driver was under a physician's care at the time of the collision, please state:

(a) The purpose of the Defendant driver being under physician's care; and

(b) The physician's name and address.

11.

If, at the time of the incident, Defendant was under instruction to wear corrective lenses, please state: Under what circumstances said lenses were to be worn; if said lenses were being worn at the time of the incident referred to in the Complaint; and what eye condition said lenses correct.

12.

If Defendant driver consumed any sedatives, tranquilizers, or other drugs and medicines during the seventy-two (72) hour period immediately preceding the happening of the collision herein complained of, please state the name and type of such medication and when it was consumed.

13.

If Defendant driver consumed any alcoholic beverages of any type during the twenty-four (24) hour period immediately preceding the occurrence of the collision, please state the time and amount such alcoholic beverages were consumed.

14.

Please state the name of each person occupying the motor vehicle owned or operated by the Defendant driver at the time of the collision, and state where each occupant was positioned in the vehicle at the time of the incident.

15.

Please describe in detail how the subject collision occurred.

16.

Please state whether you, your attorneys, agents, or investigators, or anyone acting on your or their behalf, obtained statements in any form from any person regarding any of the events or happenings that occurred at the scene of the incident referred to in the complaint immediately before, at the time of, or immediately after said incident. If so, please state the following:

(a) The name and address of the person or persons from whom any such statements were taken;

(b) The date on which such statements were taken; and

(c) The names and addresses of the persons having custody of such statements.

17.

Please state the names and last known addresses of each person known or believed by you to have been eyewitnesses to the incident described in the Complaint.

18.

Please state the names and addresses of each person known or believed by you to have knowledge of any facts relevant to the incident which is the subject matter of this suit concerning the issue of liability and/or the nature and extent of Plaintiff's damages.

19.

Please state the names and addresses or information sufficient for the location of each and every person known or reasonably believed by you or known by your attorneys, agents, or investigators to have possession of any dash cam videos, motion pictures, photographs, diagrams, or plats pertaining to the subject collision and this litigation.

20.

Immediately following this incident, did any of Plaintiff's family members or friends arrive at the scene of the incident?

21.

Please state the names and addresses sufficient for the location of each and every person known or believed by you to have heard the Plaintiff make any statement, remark, or comment concerning the incident alleged in the Complaint herein.

22.

Please state the names, addresses, and telephone numbers of each individual who is not an expert witness who has knowledge of or who may be called to testify on behalf of the Defendant concerning the nature, duration of, or extent of Plaintiff's injuries.

23.

Please state the name and address of each person expected by you to testify as an expert witness during the trial of this case.

24.

Please state whether any of the experts listed in the answer to the foregoing Interrogatory have rendered any reports, either written or oral, concerning any facts or opinions involving any of the issues in this case.

25.

If the answer to the foregoing Interrogatory is in the affirmative, please state the following:

(a) The name of the expert or experts and the issues about which he or she has formed or expressed an opinion;

(b) Whether the opinion or report of the expert was oral or written and the date upon which said opinion or report was given;

(c) If written, the name and address of the person having said report or any copy thereof in his or her possession and control;

(d) The facts determined and the opinions formed as expressed by each expert; and

(e) The substance of the facts relied upon by said expert in arriving at his or her opinion or opinions.

26.

Please describe all policies of insurance known or believed by you to have been in force and effect and which would provide coverage for you at the time of this incident, which is the basis of this lawsuit, and for each policy, please state the following:

(a) The full name of the company issuing the policy;

(b) The policy number;

(c) The limits of liability coverage;

(d) The limits of the property damage coverage; and

(e) The full name of each insured shown on the declarations portion of the policy.

27.

If in addition to the policy or policies described in the answers to the foregoing Interrogatory, you are aware of any type of excess or umbrella insurance coverage which would or might cover any judgment that is rendered against you in this cause, please give the following for each excess or umbrella policy:

(a) The full name of the company issuing the policy;

(b) The policy number;

(c) The limits of liability coverage;

(d) The limits of property damage coverage;

(e) The full name of each insured shown on the declarations portion of the policy; and

(f) Whether or not the insurance carrier has been notified of this claim and if so, their reaction to your contention that they should defend and pay any liability.

28.

Please state in detail the factual and legal basis of each and every affirmative defense set forth in your Answer to Plaintiff's Complaint.

29.

If you contend Plaintiff caused or contributed to the complained of collision with the Defendant, please state all facts which support said contention.

30.

If you were using a cell phone at or near the time of this incident, please state the name of the provider, account number, and name of the user listed on the account.

**REQUEST FOR PRODUCTION OF DOCUMENTS**

1.

All photographs of Plaintiff's vehicle, which was involved in the incident described in the Complaint.

2.

All negatives and photographs of the vehicle you were occupying at the time of the incident described in the Complaint.

3.

Any original recorded statement taken of Plaintiff.

4.

Any document(s) signed by Plaintiff.

5.

Copies of any incident or accident reports, prepared by any person or entity, pertaining to the incident described in Plaintiff's Complaint.

6.

Repair estimates for the vehicle that you were occupying at the time of the accident.

7.

Repair estimates for the motor vehicle that the Plaintiff was occupying at the time of the accident.

8.

The original transcript of all witness statements taken by you or your representatives.

9.

A copy of your driver's license.

10.

A certified copy of the declaration's page and of each and every liability insurance policy in effect at the time of the incident described in Plaintiff's Complaint.

11.

A copy of the PIP application you filed with your insurance company, if any, as a result of the incident described in Plaintiff's Complaint.

12.

A copy of the "accord" statement you filed with your insurance carrier to advise them of the incident described in the Complaint, your claim for property damage, medical bills, lost wages, or for other claims arising out of the incident described in the Complaint.

13.

All photographs of any person, place, or thing related to this occurrence.

14.

A copy of the current curriculum vitae of any expert you intend or expect to call at the trial of this case.

15.

Copies of all other documentary evidence on your behalf that demonstrate or support facts relevant to this litigation. E.H. Siler Realty & Business Broker, Inc. v. Sanderlin, 158 Ga. App. 796, 292 S.E.2d 381 (1981).

16.

A copy of your trial experts' complete files in this case.

17.

A copy of any report prepared by any expert witness you intend to use at the trial of this case.

18.

A copy of the contract, memorandum, or terms of employment or governance between you and your employer in effect at the time of the subject collision.

This 23rd day of October, 2025.

**THE WILSON PC**

Danielle D. Paul

Danielle Paul
Georgia Bar No. 947307
*Attorney for Plaintiff*

101 Marietta Street NW, Suite 3100
Atlanta, Georgia 30303
Telephone: (470) 575-6130
Fax: (470) 231-0929
Email: daniellepaul@thewilsonpc.com
litigation@thewilsonpc.com

**McAFEE LAW FIRM, LLC**
*/s/ Edward T. McAfee*
Edward T. McAfee
Georgia Bar No. 480108
*/s/ Jacob R. Belcastro*
Jacob R. Belcastro
Georgia Bar No: 440332
*Attorneys for Plaintiff*

3235 Cains Hill Place
Atlanta, Georgia 30305
Telephone: (404) 662-2227
Fax: (404) 662-2228
Email: admin@mcafeelawfirm.com
edward@mcafeelawfirm.com
jacob@mcafeelawfirm.com

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served the following with a copy of the foregoing, by electronic filing in Odyssey E-File System and/or by placing same in an envelope, properly addressed, and depositing it in the United States Mail, with adequate postage prepaid on this October 23, 2025.

Daisana Jones
*Pro se Defendant*
12 Tyne Ct
Greenville, SC 29607

This 23rd day of October, 2025.

/s/ Danielle Paul
/s/ Edward T. McAfee
/s/ Jacob R. Belcastro

State Court of Fulton County
**E-FILED**
25EV010992
10/23/2025 5:11 PM
Donald Talley, Clerk
Civil Division

**IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA**

| | |
|---|---|
| WANDA GATES,<br>Plaintiff,<br>v.<br>DAISANA JONES and<br>LYFT, INC,<br>Defendants. | CIVIL ACTION<br>FILE NO.: ______________________ |

**PLAINTIFF WANDA GATES FIRST CONTINUING INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT LYFT, INC**

Pursuant to O.C.G.A. §§ 9-11-26 and 9-11-33, Plaintiff, by and through the undersigned counsel, hereby submits her "**FIRST CONTINUING INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT LYFT, INC"** to be responded to separately and under oath within forty-five (45) days after service hereof:

In answering the following Interrogatories, you are requested to give full and complete answers based upon your personal knowledge as well as that of any agents, employees, investigators or attorneys who may have obtained information on your behalf. To the extent any information called for is objected to upon a claim of privilege, you must provide enough information for the Court to adjudicate your claim of privilege.

The following Interrogatories shall be continuing in nature until the day of trial, and Defendant is required to serve supplemental answers as additional information becomes available by written amendment as set forth in O.C.G.A. §9-11-26 (e) and addressed to **The Wilson PC,**

101 Marietta Street NW, Suite 3100, Atlanta, Georgia 30303 Any such supplemental or amended answers are to be served upon counsel for the Plaintiff within thirty (30) days from the receipt of such information but not later than thirty (30) days prior to trial.

Wherever appropriate, the singular form of a noun or pronoun shall include the plural form of the noun or pronoun and vice-versa, and each noun or pronoun is not intended to be gender specific and may refer to both male and female.

## DEFINITIONS

(a) Document - As used herein "document" shall mean any tangible thing upon which information is or has been stored, recorded or communicated in the custody, control or possession of defendant or of which defendant has knowledge, including without limitation, letters, correspondence, invoices, contracts, agreements, purchase orders, memoranda, tapes, stenographical and handwritten notes, microfilm, bulletins, circulars, pamphlets, studies, reports, notices, diaries, summaries, books, messages, instructions, pictures, film, graph, statistical compilations, magnetic discs, records and tapes and other media, computer cards, tapes, printouts, reports and other machine-readable records and data, sound recordings, and every draft or copy of a document which is not identical to the original or which the draft of copy contains any commentary or notation whatsoever that does not appear on the original.

(b) Person - As used herein, "person" shall mean a natural person or an artificial person, including partnerships, corporations, proprietorships, unincorporated associations, governmental bodies, or any other legally cognizable entities.

(c) Date - As used herein, "date" shall mean the exact day, month, and year, if known to defendant, or, if the exact date is not known, the best available approximation.

(d) Communication - As used herein, "communication" shall include any oral utterance made, heard, or overheard, whether in person or by telephone or otherwise, as well as every document and every other mode of intentionally conveyed meaning.

(e) Identify - As used herein, "identify" when used in reference to:

(1) a person who is an individual, shall mean to state his or her full name, present or last known residence address (designating which), and present or last known position or business affiliation (designating which), job title, employment address, business and residence telephone numbers;

(2) a person who is a firm, partnership, corporation, proprietorship, financial institution, or other organization or entity, shall mean to state its full name and present or last known address and telephone number (designating which), the legal form of such entity or organization, and the identity of its chief executive officer;

(3) on oral communication shall mean to state the date, subject matter, communicator, communicatee, nature of the communication, place or places where the communication occurred, whether it was recorded or otherwise memorialized, and the identity of any witness thereto;

(4) a document shall mean to state the title (if any), the date, author, sender, recipient, the identity or persons signing it, type of document (i.e., a letter, memorandum, book, telegram, invoice, etc.) or some other means of identifying it (e.q., invoice number), the names of the persons known to have seen the document or to have received copies, its present location or custodian, and a description of its contents (in lieu of stating the foregoing information, defendant may attach a legible copy of a document to its responses hereto, specifying the particular interrogatory to which the copy is in response to and identifying the present custodian of the

original). If any document which you would have identified in response to any interrogatory was but is no longer in your possession or subject to your control or is no longer in existence, in addition to all of the above information of which you have knowledge, "identify" shall also mean to state whether any such document is or has been missing, lost, destroyed, transferred to others or otherwise disposed of, and in any such instance to set forth the surrounding circumstances in any authorization for such disposition, to state the approximate date of such disposition, and, if known, the present location and custodian of such documents.

(f) State All Facts - As used herein, "state all facts" means to state all facts discoverable under O.C.G.A. §9-11-26 and §9-11-33 known to defendant or defendant's attorneys, and to identify all persons having knowledge of such facts, and identify all documents concerning or relating to such facts. When used in reference to an allegation of the pleadings, "state all facts" shall include all facts negating, as well as supporting, the allegation.

(g) You - As used herein, "you" shall mean defendant or any person or persons acting or purporting to act in any manner for defendant or on defendant's behalf.

(h) Or - As used herein, "or" shall mean and/or.

(i) This incident or the subject incident - As used herein, "this incident" or "the subject incident" shall be defined as the event described in Plaintiff's Complaint, which occurred on or about August 5, 2024.

## INTERROGATORIES

1.

Please state whether Lyft conducted a background check on Defendant Jones, who was involved in the Accident. If so, identify the company or entity that conducted it, the information obtained, and any adverse findings.

2.

Please identify all insurance policies that were in effect at the time of the Accident that may provide coverage for Defendant Jones' operation of a vehicle while providing rides through Lyft, including policy numbers, coverage limits, effective dates, and applicable exclusions.

3.

Please state whether Lyft had actual or constructive knowledge that Defendant Jones' driver's license was suspended at the time of the Accident.

4.

Please describe Lyft's procedures, policies, and standards for verifying that drivers maintain a valid driver's license before being allowed to provide rides.

5.

Please describe Lyft's procedures, policies, and standards for verifying that drivers maintain required auto insurance coverage before and during their engagement with Lyft.

6.

Please identify all complaints, incidents, or claims reported to Lyft concerning the Defendant Jones' driving record, license status, or insurance status in the three (3) years preceding the Accident.

7.

Please state whether Lyft took any disciplinary action, including suspension or termination, against Defendant Jones for operating without a valid license or insurance.

8.

Please identify any communications between Lyft and Defendant Jones regarding the driver's license status, insurance coverage, or eligibility to provide rides through Lyft at the time of the Accident.

9.

Please identify any documents, reports, or internal communications generated by Lyft concerning the Accident, including incident reports, safety reviews, or claims investigations.

10.

Please identify any prior accidents, claims, or violations involving Defendant Jones while operating through Lyft, including dates, locations, and outcomes.

11.

Please describe any training or onboarding process Lyft provides to drivers regarding legal and insurance requirements for operating as a Lyft driver.

12.

Please state whether Lyft had knowledge of any similar incidents involving drivers operating on suspended licenses or without insurance, and provide details of each such incident.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.

Please produce all documents identifying Defendant Jones, who was involved in the Accident, including employment/engagement records, application forms, background checks, and driver's license verification.

2.

Please produce copies of the driver's license information and status at the time Defendant Jones was engaged and at the time of the Accident.

3.

Please produce all insurance policies, certificates of insurance, or other coverage documents that may apply to Defendant Jones' operation of a vehicle while providing rides through Lyft, including policy numbers, coverage limits, effective dates, and exclusions.

4.

Please produce all communications between Lyft and Defendant Jones regarding the driver's license status, insurance coverage, or eligibility to provide rides.

5.

Please produce all documents, reports, or internal communications generated by Lyft concerning the Accident, including incident reports, claims files, investigations, safety reviews, or notes.

6.

Please produce all complaints, incidents, or claims reported to Lyft concerning Defendant Jones' driving record, license status, or insurance status in the three (3) years preceding the Accident.

7.

Please produce all communications between Lyft and any governmental or regulatory agency concerning the driver's license status, insurance coverage, or other qualifications to drive.

8.

Please produce all documents relating to Lyft's policies, procedures, or standards for verifying driver license validity and insurance coverage before and during driver engagement.

9.

Please produce all documents reflecting any disciplinary action taken by Lyft against Defendant Jones for operating without a valid license or insurance.

10.

Please produce all documents reflecting any prior accidents, claims, or violations involving Defendant Jones while operating through Lyft, including internal reports, correspondence, and settlement information.

11.

Please produce all training materials, manuals, guides, or communications provided to drivers regarding legal and insurance requirements for operating as a Lyft driver.

12.

Please produce all documents reflecting Lyft's knowledge of similar incidents involving drivers operating on suspended licenses or without insurance, including internal investigations, reports, or communications.

13.

Please produce any other documents, records, or communications that relate in any way to Defendant Jones' qualifications, license status, insurance coverage, or Lyft's potential liability in connection with the Accident.

This 23rd day of October, 2025.

**THE WILSON PC**

Danielle D. Paul

Danielle Paul
Georgia Bar No. 947307
*Attorney for Plaintiff*

101 Marietta Street NW, Suite 3100
Atlanta, Georgia 30303
Telephone: (470) 575-6130
Fax: (470) 231-0929
Email: daniellepaul@thewilsonpc.com
litigation@thewilsonpc.com

**McAFEE LAW FIRM, LLC**
*/s/ Edward T. McAfee*
Edward T. McAfee
Georgia Bar No. 480108
*/s/ Jacob R. Belcastro*
Jacob R. Belcastro
Georgia Bar No: 440332
*Attorneys for Plaintiff*

3235 Cains Hill Place
Atlanta, Georgia 30305
Telephone: (404) 662-2227
Fax: (404) 662-2228
Email: admin@mcafeelawfirm.com
edward@mcafeelawfirm.com
jacob@mcafeelawfirm.com

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served the following with a copy of the foregoing, by electronic filing in Odyssey E-File System and/or by placing same in an envelope, properly addressed, and depositing it in the United States Mail, with adequate postage prepaid on this October 23, 2025.

Lyft, Inc
*Pro se Defendant*
C/O C T Corporation System
289 S. Culver Street
Lawrenceville, GA 30046

This 23rd day of October, 2025.

/s/ Danielle Paul
/s/ Edward T. McAfee
/s/ Jacob R. Belcastro

State Court of Fulton County
**E-FILED**
25EV010992
10/23/2025 5:11 PM
Donald Talley, Clerk
Civil Division

**GEORGIA, FULTON COUNTY** **DO NOT WRITE IN THIS SPACE**

**STATE COURT OF FULTON COUNTY**
**Civil Division**

**CIVIL ACTION FILE #:** ____________________

Wanda Gates
4136 High Park Terrace
East Point, GA 30344
Plaintiff's Name, Address, City, State, Zip Code

vs.

Daisana Jones
12 Tyne Ct
Greenville South Carolina 29607
Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $__________ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $__________ |
| [ ] TORT | |
| [X] PERSONAL INJURY | ATTY. FEES $__________ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $ __________ |
| [ ] SPECIAL LIEN | |

************

[X] NEW FILING
[ ] RE-FILING: PREVIOUS CASE NO. ______________

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT: **Daisana Jones**

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Danielle Paul
Address: 101 Marietta Street NW, Suite 3100
City, State, Zip Code: Atlanta, GA 30303 Phone No.: (470)575-6130

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

Donald Talley, Chief Clerk (electronic signature)

***SERVICE INFORMATION:***

Served, this _______ day of __________________, 20______. ______________________________
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for ______________________________________________

______________________________________________

This _________ day of ____________________, 20_____. ________________________ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
25EV010992
10/27/2025 12:12 PM
Donald Talley, Clerk
Civil Division

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| WANDA GATES,<br>Plaintiff,<br>v.<br><br>DAISANA JONES, and<br>LYFT, INC,<br>Defendants. | CIVIL ACTION<br>FILE NO.:<br>25EV010992 |

**AFFIDAVIT OF COMPLIANCE**

1.

I, Danielle Paul, the undersigned, am the attorney who represents the Plaintiff in the case of:

***Wanda Gates v. Daisana Jones and Lyft, Inc***

State Court of Fulton County

Civil Action File No: 25EV010992

2.

I do hereby certify that, in accordance with O.C.G.A. § 40-12-2, I have forwarded by certified mail return notice of service of the above case, along with a copy of the Complaint, Process, and Discovery, to the Defendant to the following address:

Daisana Jones
12 Tyne Ct
Greenville, South Carolina 29607

3.

I further certify that I shall file with the appropriate court appended to the documents regarding this case: (1) any return receipt received as evidence of service upon the Defendant by the Plaintiff, and (2) this Plaintiff's Affidavit of Compliance.

This 27th day of October, 2025.

**THE WILSON PC**

Danielle D. Paul

Danielle Paul
Georgia Bar No. 947307
*Attorney for Plaintiff*

101 Marietta Street NW, Suite 3100
Atlanta, Georgia 30303
Telephone: (470) 575-6130
Fax: (470) 231-0929
Email: daniellepaul@thewilsonpc.com
litigation@thewilsonpc.com

**McAFEE LAW FIRM, LLC**
*/s/ Edward T. McAfee*
Edward T. McAfee
Georgia Bar No. 480108
*/s/ Jacob R. Belcastro*
Jacob R. Belcastro
Georgia Bar No: 440332
*Attorneys for Plaintiff*

3235 Cains Hill Place
Atlanta, Georgia 30305
Telephone: (404) 662-2227
Fax: (404) 662-2228
Email: admin@mcafeelawfirm.com
edward@mcafeelawfirm.com
jacob@mcafeelawfirm.com

Sworn to and subscribed before me on
this 27th day of October, 2025.

Shonette M. Miller
NOTARY PUBLIC

SHONETTE M MILLER
Notary Public - State of Georgia
Chatham County
My Commission Expires Mar 14, 2027

State Court of Fulton County
**E-FILED**
25EV010992
10/28/2025 12:28 PM
Donald Talley, Clerk
Civil Division

Control Number : SOP-25208723

# STATE OF GEORGIA

## Secretary of State

**Corporations Division**
**313 West Tower**
**2 Martin Luther King, Jr. Dr.**
**Atlanta, Georgia 30334-1530**

## CERTIFICATE OF ACKNOWLEDGEMENT

I, Brad Raffensperger, Secretary of State of the State of Georgia, do hereby certify under the seal of my office that copies of legal documents regarding service of process upon:

**Daisana Jones**

have been filed with the Secretary of State on 10/27/2025 pursuant to O.C.G.A. § 40-12-2 relating to the following matter:

Case: Wanda Gates v. Daisana Jones
Court: State Court of Fulton County
Civil Action No.: 25EV010992

Witness my hand and official seal in the City of Atlanta and the State of Georgia on 10/28/2025.

Brad Raffensperger
Secretary of State

**SERVICE OF PROCESS**

*Electronically Filed*
Secretary of State
Filing Date: 10/27/2025 12:33:45 PM

## FILING INFORMATION

| | |
|---|---|
| Filing Type | : Service of Process |
| Control Number | : SOP-25208723 |

## DEFENDANT INFORMATION

The name of the business entity or individual (the "defendant") for which the Secretary of State is being served as statutory agent is as follows:

| | |
|---|---|
| Defendant Type | : Individual |
| Defendant's Name | : Daisana Jones |
| Defendant's Address Where Service Attempted and/or Forwarded | : 12 Tyne CT, Greenville, SC, 29607, USA |

## STATUTORY AUTHORITY

Service is being made on the Secretary of State pursuant to the following O.C.G.A. section:

O.C.G.A. § 40-12-2

## CASE INFORMATION

The service of process filing relates to the following proceeding:

| | |
|---|---|
| Name of Plaintiff | : Wanda Gates |
| Style of Proceeding | : Wanda Gates v. Daisana Jones and Lyft, Inc |
| Civil Action Number | : 25EV010992 |
| Court | : State Court of Fulton County |

## SERVICE OF PROCESS DOCUMENTS

See attached document(s).

## FILER's INFORMATION

| | |
|---|---|
| Filer Type | : Individual |
| Name | : Morgan Caro-Whipple |
| Address | : 101 Marietta Street NorthWest, Suite 3100, Atlanta, GA, 30303, USA |

## AUTHORIZER INFORMATION

| | |
|---|---|
| Authorizer Name | : Morgan Caro-Whipple |

State Court of Fulton County
**E-FILED**
25EV010992
10/23/2025 5:11 PM
Donald Talley, Clerk
Civil Division

**GEORGIA, FULTON COUNTY** **DO NOT WRITE IN THIS SPACE**

**STATE COURT OF FULTON COUNTY**
**Civil Division**

**CIVIL ACTION FILE #:** ______________________

Wanda Gates
4136 High Park Terrace
East Point, GA 30344
Plaintiff's Name, Address, City, State, Zip Code

vs.

Daisana Jones
12 Tyne Ct
Greenville South Carolina 29607
Defendant's Name, Address, City, State, Zip Code

**TYPE OF SUIT**

[ ] ACCOUNT
[ ] CONTRACT
[ ] NOTE
[ ] TORT
[X] PERSONAL INJURY
[ ] FOREIGN JUDGMENT
[ ] TROVER
[ ] SPECIAL LIEN

**AMOUNT OF SUIT**

PRINCIPAL $____________
INTEREST $____________
ATTY. FEES $____________
COURT COST $ ____________

************

[X] NEW FILING
[ ] RE-FILING: PREVIOUS CASE NO. ________________

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT: Daisana Jones

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Danielle Paul
Address: 101 Marietta Street NW, Suite 3100
City, State, Zip Code: Atlanta, GA 30303 Phone No.: (470)575-6130

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

Donald Talley, Chief Clerk (electronic signature)

---

***SERVICE INFORMATION:***

Served, this _______ day of ___________________, 20______.

________________________________________
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for ________________________________________

________________________________________

This _________ day of _____________________, 20_____. ______________________ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
25EV010992
10/23/2025 5:11 PM
Donald Talley, Clerk
Civil Division

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| WANDA GATES,<br>Plaintiff,<br>v.<br>DAISANA JONES and<br>LYFT, INC,<br>Defendants. | CIVIL ACTION<br>FILE NO.: ____________________ |

# COMPLAINT

COMES NOW Plaintiff Wanda Gates, by and through undersigned counsel, and hereby files her Complaint for Damages, respectfully showing this Honorable Court as follows:

## PARTIES

1.

Plaintiff Wanda Gates (hereinafter "Plaintiff") resides at 4136 High Park Terrace, East Point, Fulton County, Georgia 30344, and is subject to the jurisdiction and venue of this Honorable Court by virtue of filing her Complaint.

2.

Defendant Daisana Jones (hereinafter "Defendant Jones") is a resident of the State of South Carolina and may be served with the Summons and Complaint by serving her at her residence, which is located at 12 Tyne Ct, Greenville, South Carolina 29607, pursuant to Georgia Long Arm Statute Non-Motorist Act, O.C.G.A. § 40-12-1 et seq.

3.

Defendant Lyft, Inc (hereinafter "Defendant Lyft") is a common carrier, as defined by the Georgia Motor Carrier Act, with its principal place of business in San Francisco, California, and may be served through its registered agent C T Corporation System at 289 S. Culver St., Lawrenceville, Gwinnett County, Georgia 30046, and is subject to the jurisdiction of this court.

**JURISDICTION AND VENUE**

4.

Jurisdiction is proper in this case.

5.

Venue is proper in this case.

**FACTUAL BACKGROUND**

6.

Plaintiff hereby realleges and reasserts Paragraphs 1 through 5 as if fully set forth herein.

7.

On or about August 5, 2024, Plaintiff was traveling westbound on Washington Road south of the I-285 northbound ramp in Fulton County, Georgia.

8.

At the same time and place, Defendant Jones was traveling in the opposite direction, and in an attempt to enter the interstate, turned in front of the vehicle Plaintiff was traveling in, thereby causing the wreck that injured the Plaintiff.

9.

Defendant was issued citations for violation of O.C.G.A. §§ 40-6-71, 40-6-10, 40-6-15, and 40-5-121.

**COUNT I – NEGLIGENCE**

10.

Plaintiff hereby realleges and reasserts Paragraphs 1 through 9 as if fully set forth herein.

11.

Defendant Jones's negligence in colliding with Plaintiff's vehicle caused Plaintiff to suffer serious and painful bodily injuries and property damage.

12.

Defendant Jones was negligent *per se* in her operation of her automobile by failing to yield when turning left, having no proof of insurance, knowingly driving with a suspended, canceled, or revoked registration, and driving with a suspended license, which caused the wreck that injured the Plaintiff.

13.

Defendant was negligent and careless as she operated her automobile, thereby causing the wreck, which injured the Plaintiff.

14.

Defendant Jones's negligence was a direct and proximate cause of the collision, which caused personal injuries to the Plaintiff.

**COUNT II – VICARIOUS LIABILITY**

15.

Plaintiff hereby realleges and reasserts paragraphs 1 through 14 as if fully set forth herein.

16.

At the time of the accident, Defendant Jones was acting within the scope of her employment with Defendant Lyft.

17.

Defendant Lyft is responsible for Defendant Jones's actions under the doctrine of *respondeat superior*, agency, or apparent agency.

**COUNT III-NEGLIGENT HIRING, RETENTION, AND SUPERVISION**

18.

Plaintiff hereby realleges and reasserts paragraphs 1 through 17 as if fully set forth herein.

19.

At the time of the subject collision, Defendant Lyft exercised significant control over Defendant Jones and had policies and procedures regarding the timing, method, and manner in which Defendant Jones was to perform work in furtherance of Defendant Lyft's business.

20.

At all times material, Defendant Lyft owed the Plaintiff a duty of reasonable and/or great care in hiring, retaining, and supervising its employees, including Defendant Jones.

21.

At the time of the subject collision, through the operation of a motor vehicle, Defendant Jones was engaged in work which involved a peculiar risk of bodily harm to others and violated several duties imposed by Georgia Law in one or more of the following ways:

a. By negligently hiring Defendant Jones without performing appropriate and/or necessary driving record background checks, pre-employment screenings, psychological tests, criminal record checks, interviews, and/or evaluations;

b. By negligently failing to check with references, prior employers, colleagues, and others about its employee, Defendant Jones, prior to hiring her to work for its ride share business;

c. By failing to develop any policies and procedures and standards for hiring and delivering

driver's education training to Defendant Jones;

d. Other acts and omissions yet to be discovered.

22.

At all times material, Defendant Lyft knew or should have known that a potential motor vehicle incident was conceivable.

23.

As a direct and proximate result of Defendant Lyft's careless acts, Defendant Jones, by failing to yield, having no proof of insurance, and driving with a suspended license, caused the wreck, which injured the Plaintiff who sustained severe, permanent, and grievous physical injuries.

**COUNT IV – DAMAGES**

24.

Plaintiff hereby realleges and reasserts Paragraphs 1 through 23 as if fully set forth herein.

25.

As a direct and proximate result of Defendant Jones's negligence, Plaintiff has incurred medical expenses and special damages in excess of $159,182.45, the exact amount to be proven at trial.

26.

As a direct and proximate result of Defendant Jones's negligence, Plaintiff has suffered personal injuries and pain and suffering.

27.

As a direct and proximate result of Defendant Jones's negligence, Plaintiff has to undergo medical treatment for the pain, injury, and suffering caused by this incident.

28.

Defendant Jones's negligence is the sole and proximate cause of Plaintiff's injuries and damages.

**COUNT V – ATTORNEY FEES**

29.

Plaintiff hereby realleges and reasserts Paragraphs 1 through 28 as if fully set forth herein.

30.

To the extent Defendants do not admit sole responsibility for causing the accident that relates to duty and breach of duty, Plaintiff seeks all damages pursuant to O.C.G.A. § 13-6-11, including but not limited to attorney's fees and costs, as it relates to Defendants being stubbornly litigious and causing Plaintiff unnecessary trouble and expense.

**COUNT VI- PUNITIVE DAMAGES**

31.

Plaintiff hereby realleges and reasserts Paragraphs 1 through 30 as if fully set forth herein.

32.

Defendants' actions constitute willful misconduct, fraud, oppression, wantonness, and an entire want of care, raising the presumption of conscience indifference to the consequences. Accordingly, Plaintiff is entitled to recover punitive damages from Defendants, as determined by the enlightened conscience of the jury.

**WHEREFORE,** THE PLAINTIFF PRAYS FOR RELIEF AS FOLLOWS:

(a) That this Complaint and Summons be properly served on Defendants;

(b) That Plaintiff have and receive judgment against Defendants for all damages sustained by Plaintiff caused by Defendant Jones's negligence, including all special and general

damages suffered by Plaintiff in excess of $159,182.45;

(c) That Plaintiff be awarded punitive damages in amounts determined by the enlightened conscience of the jury;

(d) That Plaintiff have a trial by a jury of twelve (12) persons as to all issues so triable; and

(e) For such other and further relief as this Honorable Court deems just and proper.

Respectfully submitted this 23rd day of October, 2025.

**THE WILSON PC**

Danielle D. Paul

Danielle Paul
Georgia Bar No. 947307
*Attorney for Plaintiff*

101 Marietta Street NW, Suite 3100
Atlanta, Georgia 30303
Telephone: (470) 575-6130
Fax: (470) 231-0929
Email: daniellepaul@thewilsonpc.com
litigation@thewilsonpc.com

**McAFEE LAW FIRM, LLC**
*/s/ Edward T. McAfee*
Edward T. McAfee
Georgia Bar No. 480108
*/s/ Jacob R. Belcastro*
Jacob R. Belcastro
Georgia Bar No: 440332
*Attorneys for Plaintiff*

3235 Cains Hill Place
Atlanta, Georgia 30305
Telephone: (404) 662-2227
Fax: (404) 662-2228
Email: admin@mcafeelawfirm.com
edward@mcafeelawfirm.com
jacob@mcafeelawfirm.com

State Court of Fulton County
**E-FILED**
25EV010992
10/23/2025 5:11 PM
Donald Talley, Clerk
Civil Division

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

WANDA GATES,
Plaintiff,
v.
DAISANA JONES and
LYFT, INC,
Defendants.

CIVIL ACTION
FILE NO.: ______________________

**RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY**

Pursuant to Uniform State Court Rule 5.2, the undersigned hereby certifies that on the date shown, Plaintiff Wanda Gates served a copy of the following:

1. Plaintiff's First Interrogatories to Defendants, and
2. Plaintiff's First Request for Production of Documents to Defendants.

Respectfully submitted this 23rd day of October, 2025.

**THE WILSON PC**

Danielle D. Paul

Danielle Paul
Georgia Bar No. 947307
*Attorney for Plaintiff*

101 Marietta Street NW, Suite 3100
Atlanta, Georgia 30303
Telephone: (470) 575-6130
Fax: (470) 231-0929
Email: daniellepaul@thewilsonpc.com
litigation@thewilsonpc.com



EXHIBIT 1

**MCAFEE LAW FIRM, LLC**
/s/ Edward T. McAfee
Edward T. McAfee
Georgia Bar No. 480108
/s/ Jacob R. Belcastro
Jacob R. Belcastro
Georgia Bar No. 440332
*Attorneys for Plaintiff*

3235 Cains Hill Place
Atlanta, GA 30305
P: (404) 662-2227
edward@mcafeelawfirm.com
jacob@mcafeelawfirm.com
admin@mcafeelawfirm.com

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served the following with a copy of the foregoing, by electronic filing in Odyssey E-File System and/or by placing same in an envelope, properly addressed, and depositing it in the United States Mail, with adequate postage prepaid on this October 23, 2025.

Daisana Jones
*Pro se Defendant*
12 Tyne Ct
Greenville, SC 29607

Lyft, Inc
*Pro se Defendant*
C/O C T Corporation System
289 S. Culver Street
Lawrenceville, GA 30046

This 23rd day of October, 2025.

/s/ Danielle Paul
/s/ Edward T. McAfee
/s/ Jacob R. Belcastro

State Court of Fulton County
**E-FILED**
25EV010992
10/23/2025 5:11 PM
Donald Talley, Clerk
Civil Division

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

WANDA GATES,
Plaintiff,
v.
DAISANA JONES and
LYFT, INC,
Defendants.

CIVIL ACTION
FILE NO.: ______________________

**PLAINTIFF WANDA GATES FIRST CONTINUING INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JONES**

Pursuant to O.C.G.A. §§ 9-11-26 and 9-11-33, Plaintiff, by and through the undersigned counsel, hereby submits her "**FIRST CONTINUING INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JONES"** to be responded to separately and under oath within forty-five (45) days after service hereof:

In answering the following Interrogatories, you are requested to give full and complete answers based upon your personal knowledge as well as that of any agents, employees, investigators or attorneys who may have obtained information on your behalf. To the extent any information called for is objected to upon a claim of privilege, you must provide enough information for the Court to adjudicate your claim of privilege.

The following Interrogatories shall be continuing in nature until the day of trial, and Defendant is required to serve supplemental answers as additional information becomes available by written amendment as set forth in O.C.G.A. §9-11-26 (e) and addressed to **The Wilson PC,**



EXHIBIT 1

101 Marietta Street NW, Suite 3100, Atlanta, Georgia 30303 Any such supplemental or amended answers are to be served upon counsel for the Plaintiff within thirty (30) days from the receipt of such information but not later than thirty (30) days prior to trial.

Wherever appropriate, the singular form of a noun or pronoun shall include the plural form of the noun or pronoun and vice-versa, and each noun or pronoun is not intended to be gender specific and may refer to both male and female.

**DEFINITIONS**

(a) Document - As used herein "document" shall mean any tangible thing upon which information is or has been stored, recorded or communicated in the custody, control or possession of defendant or of which defendant has knowledge, including without limitation, letters, correspondence, invoices, contracts, agreements, purchase orders, memoranda, tapes, stenographical and handwritten notes, microfilm, bulletins, circulars, pamphlets, studies, reports, notices, diaries, summaries, books, messages, instructions, pictures, film, graph, statistical compilations, magnetic discs, records and tapes and other media, computer cards, tapes, printouts, reports and other machine-readable records and data, sound recordings, and every draft or copy of a document which is not identical to the original or which the draft of copy contains any commentary or notation whatsoever that does not appear on the original.

(b) Person - As used herein, "person" shall mean a natural person or an artificial person, including partnerships, corporations, proprietorships, unincorporated associations, governmental bodies, or any other legally cognizable entities.

(c) Date - As used herein, "date" shall mean the exact day, month, and year, if known to defendant, or, if the exact date is not known, the best available approximation.

(d) Communication - As used herein, "communication" shall include any oral utterance made, heard, or overheard, whether in person or by telephone or otherwise, as well as every document and every other mode of intentionally conveyed meaning.

(e) Identify - As used herein, "identify" when used in reference to:

(1) a person who is an individual, shall mean to state his or her full name, present or last known residence address (designating which), and present or last known position or business affiliation (designating which), job title, employment address, business and residence telephone numbers;

(2) a person who is a firm, partnership, corporation, proprietorship, financial institution, or other organization or entity, shall mean to state its full name and present or last known address and telephone number (designating which), the legal form of such entity or organization, and the identity of its chief executive officer;

(3) on oral communication shall mean to state the date, subject matter, communicator, communicatee, nature of the communication, place or places where the communication occurred, whether it was recorded or otherwise memorialized, and the identity of any witness thereto;

(4) a document shall mean to state the title (if any), the date, author, sender, recipient, the identity or persons signing it, type of document (i.e., a letter, memorandum, book, telegram, invoice, etc.) or some other means of identifying it (e.q., invoice number), the names of the persons known to have seen the document or to have received copies, its present location or custodian, and a description of its contents (in lieu of stating the foregoing information, defendant may attach a legible copy of a document to its responses hereto, specifying the particular interrogatory to which the copy is in response to and identifying the present custodian of the

original). If any document which you would have identified in response to any interrogatory was but is no longer in your possession or subject to your control or is no longer in existence, in addition to all of the above information of which you have knowledge, "identify" shall also mean to state whether any such document is or has been missing, lost, destroyed, transferred to others or otherwise disposed of, and in any such instance to set forth the surrounding circumstances in any authorization for such disposition, to state the approximate date of such disposition, and, if known, the present location and custodian of such documents.

(f) State All Facts - As used herein, "state all facts" means to state all facts discoverable under O.C.G.A. §9-11-26 and §9-11-33 known to defendant or defendant's attorneys, and to identify all persons having knowledge of such facts, and identify all documents concerning or relating to such facts. When used in reference to an allegation of the pleadings, "state all facts" shall include all facts negating, as well as supporting, the allegation.

(g) You - As used herein, "you" shall mean defendant or any person or persons acting or purporting to act in any manner for defendant or on defendant's behalf.

(h) Or - As used herein, "or" shall mean and/or.

(i) This incident or the subject incident - As used herein, "this incident" or "the subject incident" shall be defined as the event described in Plaintiff's Complaint, which occurred on or about August 5, 2024.

**INTERROGATORIES**

1.

State your full legal name, address (home and business), physical street address, date of birth, and place of birth.

2.

Please state whether or not you were employed on the date of the incident, which is the subject matter of this suit, and, if so, state the following:

(a) The name and address of your employer;

(b) In what capacity you were employed; and

(c) The length of time you have been so employed by the employer named.

3.

If you were self-employed on the date of the incident, which is the subject matter of this suit, or are presently self-employed, please give the following:

(a) A brief description of the nature of your business; and

(b) The inclusive dates you were engaged in that particular occupation, business, or profession.

4.

If you have ever been involved in a motor vehicle incident prior to the incident which is the subject matter of this suit, please state the following:

(a) The date of each incident; and

(b) Whether you were charged with any kind of infraction.

5.

If you have ever been convicted of any moving traffic violation within the past ten years, please state all violations.

6.

If you have ever been arrested, state the date, place, and charges made in each such arrest, and, if convicted, the date thereof and the court in which such charges were brought, identify all

persons with knowledge of the same, and identify all documents that refer to, evidence, or reflect the same.

7.

Please state the name and address of the registered owner of the motor vehicle operated by or occupied by you at the time of the incident, which is the subject matter of this suit.

8.

Please state the year, make, and model of the vehicle operated by you at the time of the incident described in the Complaint.

9.

On the particular trip during the course of which the incident complained of herein occurred, what was the point and time of your departure, intended destination, and purpose of the trip?

10.

If the Defendant driver was under a physician's care at the time of the collision, please state:

(a) The purpose of the Defendant driver being under physician's care; and

(b) The physician's name and address.

11.

If, at the time of the incident, Defendant was under instruction to wear corrective lenses, please state: Under what circumstances said lenses were to be worn; if said lenses were being worn at the time of the incident referred to in the Complaint; and what eye condition said lenses correct.

12.

If Defendant driver consumed any sedatives, tranquilizers, or other drugs and medicines during the seventy-two (72) hour period immediately preceding the happening of the collision herein complained of, please state the name and type of such medication and when it was consumed.

13.

If Defendant driver consumed any alcoholic beverages of any type during the twenty-four (24) hour period immediately preceding the occurrence of the collision, please state the time and amount such alcoholic beverages were consumed.

14.

Please state the name of each person occupying the motor vehicle owned or operated by the Defendant driver at the time of the collision, and state where each occupant was positioned in the vehicle at the time of the incident.

15.

Please describe in detail how the subject collision occurred.

16.

Please state whether you, your attorneys, agents, or investigators, or anyone acting on your or their behalf, obtained statements in any form from any person regarding any of the events or happenings that occurred at the scene of the incident referred to in the complaint immediately before, at the time of, or immediately after said incident. If so, please state the following:

(a) The name and address of the person or persons from whom any such statements were taken;

(b) The date on which such statements were taken; and

(c) The names and addresses of the persons having custody of such statements.

17.

Please state the names and last known addresses of each person known or believed by you to have been eyewitnesses to the incident described in the Complaint.

18.

Please state the names and addresses of each person known or believed by you to have knowledge of any facts relevant to the incident which is the subject matter of this suit concerning the issue of liability and/or the nature and extent of Plaintiff's damages.

19.

Please state the names and addresses or information sufficient for the location of each and every person known or reasonably believed by you or known by your attorneys, agents, or investigators to have possession of any dash cam videos, motion pictures, photographs, diagrams, or plats pertaining to the subject collision and this litigation.

20.

Immediately following this incident, did any of Plaintiff's family members or friends arrive at the scene of the incident?

21.

Please state the names and addresses sufficient for the location of each and every person known or believed by you to have heard the Plaintiff make any statement, remark, or comment concerning the incident alleged in the Complaint herein.

22.

Please state the names, addresses, and telephone numbers of each individual who is not an expert witness who has knowledge of or who may be called to testify on behalf of the Defendant concerning the nature, duration of, or extent of Plaintiff's injuries.

23.

Please state the name and address of each person expected by you to testify as an expert witness during the trial of this case.

24.

Please state whether any of the experts listed in the answer to the foregoing Interrogatory have rendered any reports, either written or oral, concerning any facts or opinions involving any of the issues in this case.

25.

If the answer to the foregoing Interrogatory is in the affirmative, please state the following:

(a) The name of the expert or experts and the issues about which he or she has formed or expressed an opinion;

(b) Whether the opinion or report of the expert was oral or written and the date upon which said opinion or report was given;

(c) If written, the name and address of the person having said report or any copy thereof in his or her possession and control;

(d) The facts determined and the opinions formed as expressed by each expert; and

(e) The substance of the facts relied upon by said expert in arriving at his or her opinion or opinions.

26.

Please describe all policies of insurance known or believed by you to have been in force and effect and which would provide coverage for you at the time of this incident, which is the basis of this lawsuit, and for each policy, please state the following:

(a) The full name of the company issuing the policy;

(b) The policy number;

(c) The limits of liability coverage;

(d) The limits of the property damage coverage; and

(e) The full name of each insured shown on the declarations portion of the policy.

27.

If in addition to the policy or policies described in the answers to the foregoing Interrogatory, you are aware of any type of excess or umbrella insurance coverage which would or might cover any judgment that is rendered against you in this cause, please give the following for each excess or umbrella policy:

(a) The full name of the company issuing the policy;

(b) The policy number;

(c) The limits of liability coverage;

(d) The limits of property damage coverage;

(e) The full name of each insured shown on the declarations portion of the policy; and

(f) Whether or not the insurance carrier has been notified of this claim and if so, their reaction to your contention that they should defend and pay any liability.

28.

Please state in detail the factual and legal basis of each and every affirmative defense set forth in your Answer to Plaintiff's Complaint.

29.

If you contend Plaintiff caused or contributed to the complained of collision with the Defendant, please state all facts which support said contention.

30.

If you were using a cell phone at or near the time of this incident, please state the name of the provider, account number, and name of the user listed on the account.

**REQUEST FOR PRODUCTION OF DOCUMENTS**

1.

All photographs of Plaintiff’s vehicle, which was involved in the incident described in the Complaint.

2.

All negatives and photographs of the vehicle you were occupying at the time of the incident described in the Complaint.

3.

Any original recorded statement taken of Plaintiff.

4.

Any document(s) signed by Plaintiff.

5.

Copies of any incident or accident reports, prepared by any person or entity, pertaining to the incident described in Plaintiff’s Complaint.

6.

Repair estimates for the vehicle that you were occupying at the time of the accident.

7.

Repair estimates for the motor vehicle that the Plaintiff was occupying at the time of the accident.

8.

The original transcript of all witness statements taken by you or your representatives.

9.

A copy of your driver's license.

10.

A certified copy of the declaration's page and of each and every liability insurance policy in effect at the time of the incident described in Plaintiff's Complaint.

11.

A copy of the PIP application you filed with your insurance company, if any, as a result of the incident described in Plaintiff's Complaint.

12.

A copy of the "accord" statement you filed with your insurance carrier to advise them of the incident described in the Complaint, your claim for property damage, medical bills, lost wages, or for other claims arising out of the incident described in the Complaint.

13.

All photographs of any person, place, or thing related to this occurrence.

14.

A copy of the current curriculum vitae of any expert you intend or expect to call at the trial of this case.

15.

Copies of all other documentary evidence on your behalf that demonstrate or support facts relevant to this litigation. E.H. Siler Realty & Business Broker, Inc. v. Sanderlin, 158 Ga. App. 796, 292 S.E.2d 381 (1981).

16.

A copy of your trial experts' complete files in this case.

17.

A copy of any report prepared by any expert witness you intend to use at the trial of this case.

18.

A copy of the contract, memorandum, or terms of employment or governance between you and your employer in effect at the time of the subject collision.

This 23rd day of October, 2025.

**THE WILSON PC**

Danielle D. Paul

Danielle Paul
Georgia Bar No. 947307
*Attorney for Plaintiff*

101 Marietta Street NW, Suite 3100
Atlanta, Georgia 30303
Telephone: (470) 575-6130
Fax: (470) 231-0929
Email: daniellepaul@thewilsonpc.com
litigation@thewilsonpc.com

**McAFEE LAW FIRM, LLC**
*/s/ Edward T. McAfee*
Edward T. McAfee
Georgia Bar No. 480108
*/s/ Jacob R. Belcastro*
Jacob R. Belcastro
Georgia Bar No: 440332
*Attorneys for Plaintiff*

3235 Cains Hill Place
Atlanta, Georgia 30305
Telephone: (404) 662-2227
Fax: (404) 662-2228
Email: admin@mcafeelawfirm.com
edward@mcafeelawfirm.com
jacob@mcafeelawfirm.com

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the following with a copy of the foregoing, by electronic filing in Odyssey E-File System and/or by placing same in an envelope, properly addressed, and depositing it in the United States Mail, with adequate postage prepaid on this October 23, 2025.

Daisana Jones
*Pro se Defendant*
12 Tyne Ct
Greenville, SC 29607

This 23rd day of October, 2025.

/s/ Danielle Paul
/s/ Edward T. McAfee
/s/ Jacob R. Belcastro

State Court of Fulton County
**E-FILED**
25EV010992
10/27/2025 12:12 PM
Donald Talley, Clerk
Civil Division

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| WANDA GATES,<br>Plaintiff,<br>v.<br><br>DAISANA JONES, and<br>LYFT, INC,<br>Defendants. | CIVIL ACTION<br>FILE NO.:<br>25EV010992 |

**AFFIDAVIT OF COMPLIANCE**

1.

I, Danielle Paul, the undersigned, am the attorney who represents the Plaintiff in the case of:

***Wanda Gates v. Daisana Jones and Lyft, Inc***

State Court of Fulton County

Civil Action File No: 25EV010992

2.

I do hereby certify that, in accordance with O.C.G.A. § 40-12-2, I have forwarded by certified mail return notice of service of the above case, along with a copy of the Complaint, Process, and Discovery, to the Defendant to the following address:

Daisana Jones
12 Tyne Ct
Greenville, South Carolina 29607

3.

I further certify that I shall file with the appropriate court appended to the documents regarding this case: (1) any return receipt received as evidence of service upon the Defendant by the Plaintiff, and (2) this Plaintiff's Affidavit of Compliance.

This 27th day of October, 2025.

**THE WILSON PC**

Danielle Paul
Georgia Bar No. 947307
*Attorney for Plaintiff*

101 Marietta Street NW, Suite 3100
Atlanta, Georgia 30303
Telephone: (470) 575-6130
Fax: (470) 231-0929
Email: daniellepaul@thewilsonpc.com
litigation@thewilsonpc.com

**McAFEE LAW FIRM, LLC**
*/s/ Edward T. McAfee*
Edward T. McAfee
Georgia Bar No. 480108
*/s/ Jacob R. Belcastro*
Jacob R. Belcastro
Georgia Bar No: 440332
*Attorneys for Plaintiff*

3235 Cains Hill Place
Atlanta, Georgia 30305
Telephone: (404) 662-2227
Fax: (404) 662-2228
Email: admin@mcafeelawfirm.com
edward@mcafeelawfirm.com
jacob@mcafeelawfirm.com

Sworn to and subscribed before me on
this 27th day of October, 2025.

NOTARY PUBLIC

SHONETTE M MILLER
Notary Public - State of Georgia
Chatham County
My Commission Expires Mar 14, 2027

State Court of Fulton County
**E-FILED**
25EV010992
11/4/2025 11:21 AM
Donald Talley, Clerk
Civil Division

# AFFIDAVIT OF SERVICE

| | | | |
|---|---|---|---|
| **Case:** 25EV010992 | **Court:** State Court of Fulton County | **County:** Fulton, Georgia | **Job:** 14446229 (25EV010992) |
| **Plaintiff / Petitioner:** Wanda Gates | | **Defendant / Respondent:** Daisana Jones and Lyft, Inc | |
| **Received by:** York Courier and Process Services, LLC | | **For:** The Wilson PC | |
| **To be served upon:** Lyft, Inc C/O C T Corporation System | | | |

I, Lakeita Allen , being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** Lyft, Inc C/O C T Corporation System, C T Corporation System 289 S. Culver Street, Lawrenceville, GA 30046

**Manner of Service:** Registered Agent, Oct 30, 2025, 1:41 pm EDT

**Documents:** Summons-Defendant Lyft Inc.pdf, 10.23.25 Rule 5.2 Certificate of Service of Discovery-Gates (1).pdf, 9.30.25 Complaint v3 (1) (1).pdf, 10.23.25 Plaintiff's ROGs and RFP to Defendant Lyft (1).pdf

**Additional Comments:**
1) Successful Attempt: Oct 30, 2025, 1:41 pm EDT at C T Corporation System 289 S. Culver Street, Lawrenceville, GA 30046 received by Lyft, Inc C/O C T Corporation System. Age: 70; Ethnicity: Caucasian; Gender: Female; Weight: 170; Height: 5'7"; Hair: Blond; Eyes: Brown; Relationship: INTAKE SPECIALIST;

11/03/2025

Lakeita Allen **Date**

York Courier and Process Services, LLC
11084 Aliyah Drive
Hampton, GA 30228

*Subscribed and sworn to before me by the affiant who is personally known to me.*

**Notary Public**

**Nov 3, 2025**

**Date** **Commission Expires**

REAGAN REYES
NOTARY PUBLIC
MY COMMISSION EXPIRES JANUARY 18, 2027
CLAYTON COUNTY, GEORGIA

State Court of Fulton County
**E-FILED**
25EV010992
11/11/2025 9:52 AM
Donald Talley, Clerk
Civil Division

9589 0710 5270 2025 2042 03

# U.S. Postal Service™
# CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

Greenville, SC 29607

OFFICIAL USE

| | | |
|---|---|---|
| Certified Mail Fee $ | $5.30 | 0052 |
| | | 12 |
| Extra Services & Fees *(check box, add fee as appropriate)* | | |
| ☐ Return Receipt (hardcopy) | $ $0.00 | |
| ☐ Return Receipt (electronic) | $ $0.00 | Postmark Here |
| ☐ Certified Mail Restricted Delivery | $ $0.00 | |
| ☐ Adult Signature Required | $ $0.00 | |
| ☐ Adult Signature Restricted Delivery | $ | |
| Postage $ | $11.90 | |
| Total Postage and Fees $ | $21.60 | 10/28/2025 |

MAIN POSTAL STORE ATLANTA GA 30318-9998 OCT 28 2025

Sent To: Dasana Jones
Street and Apt. No., or PO Box No.: 12 Fyne Ct.
City, State, ZIP+4®: Greenville SC 29607

EXHIBIT 1

State Court of Fulton County
**E-FILED**
25EV010992
11/12/2025 5:41 PM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

WANDA GATES,

Plaintiff,

vs.

DAISANA JONES and LYFT, INC.,

Defendants.

Civil Action File No.: 25EV010992

**STIPULATION EXTENDING TIME**

Plaintiff, by and through counsel, hereby agrees and stipulates that the time for defendant Lyft, Inc. to timely answer plaintiff's complaint is extended until January 16, 2026 and that the time for defendant Lyft, Inc. to timely respond to any request for admissions, interrogatories, or request for production of documents served with the complaint is extended until January 30, 2026.

This 12th day of November, 2025.

McAFEE LAW FIRM, LLC

/s/ Edward T. McAfee
Edward T. McAfee
(State Bar No. 480108)
Attorney for Plaintiff
*signed by JMA with express permission*

3235 Cains Hill Place
Atlanta, Georgia 30305
Telephone: (404) 662-2227
Fax: (404) 662-2228
edward@mcafeelawfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing pleading with the Clerk of the Court using an O.C.G.A. § 15-6-11 electronic filing service provider which will automatically send e-mail notification of such filing to the following attorney(s) of record:

Edward T. McAfee
Jacob R. Belcastro
McAFEE LAW FIRM, LLC
3235 Cains Hill Place
Atlanta, Georgia 30305
Telephone: (404) 662-2227
Fax: (404) 662-2228
edward@mcafeelawfirm.com
jacob@mcafeelawfirm.com

This 12th day of November, 2025.

WALDON ADELMAN CASTILLA
MCNAMARA & PROUT

/s/ Jonathan M. Adelman
Jonathan M. Adelman
(State Bar No. 005128)
*Attorney for Lyft, Inc.*

900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia 30339
(770) 953-1710
jadelman@waldonadelman.com

State Court of Fulton County
**E-FILED**
25EV010992
11/13/2025 4:58 PM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| WANDA GATES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action File No. 25EV010992 |
| vs. | ) | |
| | ) | |
| DAISANA JONES and LYFT, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**JOINT MOTION TO DISMISS/DROP DEFENDANT LYFT, INC. WITHOUT PREJUDICE**

Plaintiff and Defendant Lyft, Inc. hereby jointly move this Court for an order dismissing/dropping Defendant Lyft, Inc. from this case without prejudice.

A court order is required to add or drop parties under O.C.G.A. § 9-11-21. When a party wishes to dismiss a party from an action, the most proper avenue is a motion to dismiss and drop said party pursuant to O.C.G.A. § 9-11-21. See Smith v. Memorial Medical Ctr., Inc., 208 Ga. App. 26 (1993). There are no pending claims against Defendant Lyft, Inc. aside from Plaintiff's claims.

Should the Court enter an Order denying the instant motion, plaintiff stipulates that the time for Lyft, Inc. to timely answer plaintiff's complaint and timely respond to any request for admissions, interrogatories, and request for production of documents will be extended forty-five (45) days after the entry of such an Order.

**WHEREFORE**, Plaintiff and Defendant Lyft, Inc. move this Honorable Court for an order granting their motion to dismiss and drop Defendant Lyft, Inc. from this action pursuant to O.C.G.A. § 9-11-21. A proposed order is submitted contemporaneously hereto for the Court's

consideration and convenience.

This 13th day of November, 2025.

Consented to By:

WALDON ADELMAN CASTILLA
MCNAMARA & PROUT

/s/ Jonathan M. Adelman
Jonathan M. Adelman
(State Bar No. 005128)
*Attorney for Lyft, Inc.*
900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia 30339
jadelman@waldonadelman.com

Consented to By:

McAFEE LAW FIRM, LLC

/s/ Edward T. McAfee
Edward T. McAfee
(State Bar No. 480108)
*Attorney for Plaintiff*
3235 Cains Hill Place
Atlanta, Georgia 30305
edward@mcafeelawfirm.com
*signed by JMA with express permission*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing pleading with the Clerk of the Court using an O.C.G.A. § 15-6-11 electronic filing service provider which will automatically send e-mail notification of such filing to the following attorney(s) of record. Unrepresented individuals listed below have been served by first class U.S. Mail.

Danielle Paul, Esq.
The Wilson PC
101 Marietta Street NW, Suite 3100
Atlanta, GA 30303
daniellepaul@thewilsonpc.com
litigation@thewilsonpc.com

Edward T. McAfee, Esq.
Jacob R. Belcastro, Esq.
McAfee Law Firm, LLC
3235 Cains Hill Place
Atlanta, GA 30305
Edward@mcafeelawfirm.com
jacob@mcafeelawfirm.com
admin@mcafeelawfirm.com

Daisana Jones
12 Tyne Ct
Greenville, SC 29607

This 13th day of November, 2025.

WALDON ADELMAN CASTILLA
MCNAMARA & PROUT

/s/ Jonathan M. Adelman
Jonathan M. Adelman
(State Bar No. 005128)
*Attorney for Lyft, Inc.*

900 Circle 75 Parkway
Suite 1040
Atlanta, GA 30339
(770) 953-1710
jadelman@waldonadelman.com

State Court of Fulton County
**E-FILED**
25EV010992
11/13/2025 4:58 PM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| WANDA GATES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action File No. 25EV010992 |
| vs. | ) | |
| | ) | |
| DAISANA JONES and LYFT, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**[PROPOSED] ORDER TO DISMISS/DROP DEFENDANT LYFT, INC. WITHOUT PREJUDICE**

Pursuant to the agreement of Plaintiff and Defendant Lyft, Inc.,

IT IS HEREBY ORDERED AND ADJUDGED that Defendant Lyft, Inc. is dismissed/dropped from the above-styled case without prejudice. Defendant Lyft shall be removed from the style of this case. This order shall not affect the claims against the other Defendant(s).

This _____ day of_______________, 2025.

_________________________________
Hon. Diane E. Bessen
Judge, State Court of Fulton County

Prepared By:

WALDON ADELMAN CASTILLA
MCNAMARA & PROUT

/s/ Jonathan M. Adelman
Jonathan M. Adelman
(State Bar No. 005128)
*Attorney for Lyft, Inc.*
900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia 30339
jadelman@waldonadelman.com

Consented to By:

McAFEE LAW FIRM, LLC

/s/ Edward T. McAfee
Edward T. McAfee
(State Bar No. 480108)
*Attorney for Plaintiff*
3235 Cains Hill Place
Atlanta, Georgia 30305
edward@mcafeelawfirm.com
*signed by JMA with express permission*

State Court of Fulton County
**E-FILED**
25EV010992
11/13/2025 9:20 AM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

WANDA GATES,

Plaintiff,

vs.

DAISANA JONES and LYFT, INC.,

Defendants.

Civil Action File No.: 25EV010992

GRANTED

There shall be no further extensions of this deadline absent providential cause.
November 13, 2025

**STIPULATION EXTENDING TIME**

Plaintiff, by and through counsel, hereby agrees and stipulates that the time for defendant Lyft, Inc. to timely answer plaintiff's complaint is extended until January 16, 2026 and that the time for defendant Lyft, Inc. to timely respond to any request for admissions, interrogatories, or request for production of documents served with the complaint is extended until January 30, 2026.

This 12th day of November, 2025.

McAFEE LAW FIRM, LLC

/s/ Edward T. McAfee
Edward T. McAfee
(State Bar No. 480108)
Attorney for Plaintiff
*signed by JMA with express permission*

3235 Cains Hill Place
Atlanta, Georgia 30305
Telephone: (404) 662-2227
Fax: (404) 662-2228
edward@mcafeelawfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing pleading with the Clerk of the Court using an O.C.G.A. § 15-6-11 electronic filing service provider which will automatically send e-mail notification of such filing to the following attorney(s) of record:

Edward T. McAfee
Jacob R. Belcastro
McAFEE LAW FIRM, LLC
3235 Cains Hill Place
Atlanta, Georgia 30305
Telephone: (404) 662-2227
Fax: (404) 662-2228
edward@mcafeelawfirm.com
jacob@mcafeelawfirm.com

This 12th day of November, 2025.

WALDON ADELMAN CASTILLA
MCNAMARA & PROUT

/s/ Jonathan M. Adelman
Jonathan M. Adelman
(State Bar No. 005128)
*Attorney for Lyft, Inc.*

900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia 30339
(770) 953-1710
jadelman@waldonadelman.com

State Court of Fulton County
**E-FILED**
25EV010992
11/14/2025 8:39 AM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

WANDA GATES,

Plaintiff,

vs.

DAISANA JONES and LYFT, INC.,

Defendants.

Civil Action File No. 25EV010992

**~~[PROPOSED]~~ ORDER TO DISMISS/DROP DEFENDANT LYFT, INC. WITHOUT PREJUDICE**

Pursuant to the agreement of Plaintiff and Defendant Lyft, Inc.,

IT IS HEREBY ORDERED AND ADJUDGED that Defendant Lyft, Inc. is dismissed/dropped from the above-styled case without prejudice. Defendant Lyft shall be removed from the style of this case. This order shall not affect the claims against the other Defendant(s).

This 14th day of November, 2025.

Hon. Diane E. Bessen
Judge, State Court of Fulton County

Prepared By:

WALDON ADELMAN CASTILLA
MCNAMARA & PROUT

/s/ Jonathan M. Adelman
Jonathan M. Adelman
(State Bar No. 005128)
*Attorney for Lyft, Inc.*
900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia 30339
jadelman@waldonadelman.com

Consented to By:

McAFEE LAW FIRM, LLC

/s/ Edward T. McAfee
Edward T. McAfee
(State Bar No. 480108)
*Attorney for Plaintiff*
3235 Cains Hill Place
Atlanta, Georgia 30305
edward@mcafeelawfirm.com
*signed by JMA with express permission*